IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
FEB 14 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WAYNE H. NORMAN,

Plaintiff,

vs.

WELLS FARGO BANK, NA
d/b/a WELLS FARGO DEALER
SERVICES,

Defendant.

Civil Action No.

CV 18 963 RS

## ORIGINAL COMPLAINT

NOW Comes the Plaintiff, Wayne H. Norman, by and through himself and for his Complaint against the Defendant, Wells Fargo Bank, NA, d/b/a Wells Fargo Dealer Services, and Plaintiff states as follows:

### NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Wells Fargo Bank, NA. d/b/a Wells Fargo Dealer Services, – (hereinafter, "WFDS"), to include all of its affiliates, subsidiaries,

1 | Page

and/or related entities, as well as all persons and entities acting on behalf of (WFDS). This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 et seq.[1]

2. (WFDS), has violated the TCPA by contacting the Plaintiff on his cellular telephone via an "automatic dialing system," as defined by 47 U.S.C § 227(a)(1), without prior express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

3. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. section 1331.

## PARTIES

4. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is a natural person who resides in the county of Cook, state of Illinois.

5. WELLS FARGO BANK, NA d/b/a WELLS FARGO DEALER SERVICES, (hereinafter, "Defendant"), is a "banking institution" with an address of 420 Montgomery Street, San Francisco, CA 94104, and is a "person" as find by 47 USC section 153(39).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are nuisances.

9. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii). [3]Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

10. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…" It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—…"

## ALLEGATIONS OF FACT

11. Beginning on or around April of 2017, WFDS placed at least fifteen (15) calls to Plaintiff's cellular telephone (682) 241-8688 from (800) 289-8004, without his consent and by using an automated telephone dialing system ("ATDS" or "predictive dialer") or an artificial or prerecorded voice attempting to collect payment from account number 5769375215.

12. On March of 2017, Plaintiff received a call from a representative of WFDS attempting to collect a debt. Plaintiff advised the representative that he had already paid the amount due and to stop calling his cellular phone. However, on April 3rd, Plaintiff received another call from the Defendant. Plaintiff advised the female representative to stop calling him, yet the calls continued each time Plaintiff was late paying on his account. Each time Plaintiff would answer a call from the Defendant, he would hear an automated prerecorded voice say, "Please stay on the line".

4 | Page

13. Upon information and belief, the Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

14. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

15. Defendant's telephone calls to Plaintiffs cellular telephone utilizing an "artificial or prerecorded voice" or placed by "an automatic telephone dialing system" for non-emergency purposes and in the absence of the Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

16. Plaintiff specifically asked not to be contacted on his cellular phone, yet the phone calls continued.

17. Under the TCPA and pursuant to the FCC's July 2015 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statue.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiff suffered harm and damages in the form of invasion of privacy, and harassment due to the continuous unwarranted phone calls, as well as additional data rate charges to his cellular telephone plan.

20. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a solicitation phone call from the Defendant.

21. Plaintiff suffered harm and damages in the form of data usage, nuisance due to the frequency of the phone calls and the resentment and anger Plaintiff felt as a result of them.

## QUESTIONS OF LAW

22. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice;

b. Whether Defendants conduct was knowing and/or willful;

c. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I-TCPA

## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. § 227, ET SEQ.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The fifteen (15) phone calls were made to Plaintiff's cellular phone using prohibited equipment after he told the Defendant to stop calling.

25. As a result of Defendants violations of 47 U.S.C. § 227et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## **PRAYER FOR RELIEF**

a) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

b) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $500.00 for each and every call that violated the TCPA;

c) Actual damages from the Defendant for all damages including emotional distress, data usage, and nuisance as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA;

d) A trial by jury on all issues so triable;

e) Such other and further relief as may be just and proper.

Respectfully submitted,

Wayne H. Norman

501 Madison St. Apt. 2

Oak Park, Illinois 60302

whnorman@hotmail.com